UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-23050-BLOOM/Otazo-Reyes**

EDUARDO SANCHEZ,

    Plaintiff,

v.

ACES ACEROTECH INDUSTRIES INC.,
and JORGE A. SANDERS,

    Defendants.

_____/

**ORDER GRANTING DEFAULT JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff Eduardo Sanchez's Motion for Default Final Judgment, ECF No. [15] ("Motion"), filed on December 20, 2022. The Court has carefully considered the evidence presented, the record as a whole, and the applicable law. For the reasons stated below, Plaintiff's Motion is granted in part and denied in part.

**I.      INTRODUCTION**

On September 22, 2022, Plaintiff filed a Complaint for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA") and the Florida Minimum Wage Act against Defendants Aces Acerotech industries, Inc. and Jorge A. Sanders. ECF No. [1]. Service of the summonses and Complaint was effectuated on Defendants on October 5, 2022, setting a response deadline of October 26, 2022. ECF Nos. [5], [6]. Upon Defendants' request, the Court extended that deadline to November 4, 2022. ECF No. [10]. Defendants failed to comply with that deadline, so the Clerk entered Default as to Defendants on November 18, 2022. ECF No. [13].

On December 20, 2022, Plaintiff filed the instant Motion for Default Final Judgment. ECF No. [15]. Therein, Plaintiff requested $16,785.00 in unpaid minimum wages and $4,860.00 in overtime wages, plus liquidated damages and attorneys' fees. *Id*. Plaintiff's calculations were based on the assumption that Plaintiff had worked sixty hours during each week of his employment with Defendants – an assumption that was inconsistent with the Complaint's allegations that Plaintiff worked "between 45-50 hours a week" for Defendants and only "[d]uring some weeks of his employment." ECF No. [16]. Accordingly, the Court set a damages hearing to determine the amount of damages Plaintiff should recover from Defendants. *Id*. The Court held that hearing on January 4, 2023, at which Plaintiff Eduardo Sanchez testified. ECF No. [17].

## II.   LEGAL STANDARD

A court may enter a default judgment against a defendant who has failed to plead or otherwise defend against the lawsuit. See Fed. R. Civ. P. 55(b)(2). Before it may do so, the Court must determine that there is "a sufficient basis in the pleadings for the judgment entered," a determination that is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation marks omitted). Moreover, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

## III.   DISCUSSION

To establish a claim for unpaid wages under the FLSA, a plaintiff must show (1) "she was employed by an employer covered by the FLSA during the period involved," (2) "that she was engaged in commerce or employed by an enterprise engaged in commerce," and (3) "that the

employer failed to pay her the required minimum wage or overtime compensation." *Holtz v. Bagel Market, Inc.*, No. 12- 62040-CIV, 2013 WL 12141515, at *2 (S.D. Fla. Apr. 29, 2013).

Here, Plaintiff has set forth a valid claim under the FLSA because he sufficiently alleged that he was an employee for Defendants, Defendants were employers engaging in commerce and covered by the FLSA, Defendants agreed to pay Plaintiff $20.00/hour, and Defendants failed to pay Plaintiff for all the hours he worked. ECF No. [1] ¶¶ 3, 6-15.

At the hearing on January 4, 2023, Plaintiff Eduardo Sanchez testified that he worked the following number of hours and, based on his $20.00/hour wage, earned the following amounts:

| Week Worked | Hours Worked | Earnings from Regular Wages ($20/hr) | Earnings from Overtime Wages ($30/hr for hours in excess of 40) | Total |
|---|---|---|---|---|
| Nov. 1-5, 2021 | 42.5 | $800 | $75 | $875 |
| Nov. 8-12 | 51 | $800 | $330 | $1130 |
| Nov. 15-19 | 42.5 | $800 | $75 | $875 |
| Nov. 22-26 | 51 | $800 | $330 | $1130 |
| Nov. 29-Dec. 3 | 55 | $800 | $450 | $1250 |
| Dec. 6-10 | 65 | $800 | $750 | $1550 |
| Dec. 13-17 | 55 | $800 | $450 | $1250 |
| Dec. 20-24 | 65 | $800 | $750 | $1550 |
| Dec. 27-31 | 40 | $800 | $0 | $800 |
| Jan. 3-7, 2022 | 47.5 | $800 | $225 | $1025 |
| Jan. 10-14 | 57 | $800 | $510 | $1310 |
| Jan. 17-21 | 47.5 | $800 | $225 | $1025 |
| Jan. 24-28 | 57 | $800 | $510 | $1310 |

| | | | | |
|---|---|---|---|---|
| Jan. 31 – Feb. 4 | 50 | $800 | $300 | $1100 |
| Feb. 7-11 | 50 | $800 | $300 | $1100 |
| Feb. 14-18 | 50 | $800 | $300 | $1100 |
| Feb. 21-25 | 50 | $800 | $300 | $1100 |
| Feb. 28 – Mar. 4 | 50 | $800 | $300 | $1100 |
| Mar. 7-11 | 50 | $800 | $300 | $1100 |
| Mar. 14-18 | 50 | $800 | $300 | $1100 |
| Mar. 21-23 | 30 | $600 | $0 | $600 |
| **Total Wages Earned:** | | | | $23,380 |

As set forth above, Plaintiff has demonstrated that he earned $23,380.00 in regular and overtime wages. He further showed that he only received $12,130.00 in compensation. Accordingly, Plaintiff has established unliquidated damages of $23,380.00 - $12,130.00 = **$11,250.00**. The FLSA entitles Plaintiff to receive that same amount in additional liquidated damages, thus doubling Plaintiff's award to **$22,500.00**. *See* 29 U.S.C. § 216(b). Lastly, Plaintiff is entitled to "a reasonable attorney's fee" and "costs of the action." *Id.*

IV. **CONCLUSION**

Accordingly, it is **ORDERED and ADJUDGED**, as follows:

1. Plaintiff's Motion for Final Default Judgment, **ECF No. [15]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Default judgment is entered in favor of Plaintiff, Eduardo Sanchez, and against Defendants, Aces Acerotech industries, Inc. and Jorge A. Sanders, jointly and severally, in the amount of **$22,500.00**.

3. The Court will enter final default judgment in favor of Plaintiff by separate order.

Case No. 22-cv-23050-BLOOM/Otazo-Reyes

4. This judgment shall bear interest at the rate prescribed by 28 U.S.C. § 1961.

5. The Court retains jurisdiction over this case and over the parties for the purpose of entering post-judgment orders, including the reasonable fees and costs recoverable to Plaintiff.

6. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 1, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jorge A. Sanders and Aces Acerotech Industries Inc.
20200 Northwest 2nd Ave.,
Unit 408
Miami, FL 33169